# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

KALSHIEX LLC,

      *Plaintiff*,

and

UNITED STATES OF AMERICA and
COMMODITY FUTURES TRADING
COMMISSION,

      *Plaintiff-Intervenors,*

          v.

MARK FURCOLO, in his official capacity
as Director of the Division of State Lottery;
PETER F. NERONHA, in his official
capacity as Rhode Island Attorney General;
and CHRISTINA TOBIASZ, in her official
capacity as Gaming and Athletics
Administrator, Department of Business
Regulation

      *Defendants*.

No. 1:26-cv-00327-MSM-PAS

**QCX LLC'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN
SUPPORT OF ITS MOTION FOR
PRELIMINARY INJUNCTION**

THE STATE OF RHODE ISLAND by and
through ATTORNEY GENERAL PETER F.
NERONHA,

      *Plaintiff*,

          v.

KALSHIEX LLC; QCX LLC d/b/a
POLYMARKET US,

      *Defendants*.

No. 1:26-cv-00333-MSM-PAS

(Consolidated)

## QCX LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

QCX LLC d/b/a Polymarket US ("Polymarket US") respectfully submits this Notice of Supplemental Authority in support of its Motion for Preliminary Injunction.  On July 27, 2026, the United States District Court for the District of Minnesota (Menendez, J.) granted preliminary injunctions in actions brought by Polymarket US, KalshiEX, and the CFTC.  *See QCX LLC, d/b/a Polymarket US v. Keith Ellison, et al.*, No. 26-cv-2841 (D. Minn. July 27, 2026), ECF 48, attached as Exhibit A.  The decision is directly relevant to the issues in the pending Motions for Preliminary Injunction in this Court.

The District of Minnesota held that plaintiffs are likely to succeed on their express preemption claims as to the enforcement of a Minnesota statute against swaps traded on designated contract markets like Polymarket US.  Ex. A at 22.  The court rested its express preemption determination on four primary considerations: (1) the CEA's grant of "exclusive jurisdiction" to the CFTC reflects congressional intent to preempt state authority, *id.* at 24-25; (2) the statutory definition of "swap" is "broad" and "flows from . . . [t]he breadth of the terms 'associated with' and 'potential,'" *id.* at 27-29; (3) the CEA's Special Rule, 7 U.S.C. § 7a-2(c)(5)(C)—empowering the CFTC to prohibit discrete categories of event contracts if it determines they are contrary to the public interest—confirms Congress intended for the CFTC to have exclusive jurisdiction, *id.* at 31; and (4) the analyses of several courts, such as *KalshiEX LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026), are persuasive in "giv[ing] effect to the broad wording" of the CEA in holding that "event contracts involving the outcomes of sporting events fall within" the CEA's definition of swap, *id.* at 32.  The court also determined that the plaintiffs demonstrated irreparable harm, and that the balance of harms and public interest favor preliminary injunctive relief.  *Id*. at 38-42.

Polymarket US respectfully submits that this recent decision lends persuasive support to its pending motion.

Dated: July 28, 2026

Respectfully submitted,

 /s/ Matthew H. Parker
WHELAN CORRENTE & FLANDERS LLP

Matthew H. Parker (#8111)
Jessica Sylver (#8607)
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone:  401.270.4500
Fax:  401.270.3760
mparker@whelancorrente.com
jsylver@whelancorrente.com

Orin Snyder*
Matt Benjamin*
Amanda LeSavage*
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
osnyder@gibsondunn.com
mbenjamin@gibsondunn.com
alesavage@gibsondunn.com

Thomas H. Dupree, Jr.*
Jacob T. Spencer*
Adam I. Steene*
GIBSON DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
tdupree@gibsondunn.com
jspencer@gibsondunn.com
asteene@gibsondunn.com

*Admitted pro hac vice

Attorneys for Defendant QCX LLC d/b/a
Polymarket US