**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KALSHIEX LLC,<br><br>Plaintiff,<br><br>and<br><br>UNITED STATES OF AMERICA and COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>MARK FURCOLO, in his official capacity as Director of the Division of State Lottery; PETER F. NERONHA, in his official capacity as Rhode Island Attorney General; CHRISTINA TOBIASZ, in her official capacity as Gaming and Athletics Administrator, Department of Business Regulation,<br><br>Defendants. | C.A. No. 1:26-cv-00327-MSM-PAS |
| THE STATE OF RHODE ISLAND by and through ATTORNEY GENERAL PETER F. NERONHA,<br><br>Plaintiff,<br><br>v.<br><br>KALSHIEX LLC; QCX LLC d/b/a POLYMARKET US,<br><br>Defendants. | C.A. No. 1:26-cv-00333-MSM-PAS<br><br>(Consolidated) |

**KALSHIEX LLC'S RESPONSE TO THE STATE OF RHODE ISLAND'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

KalshiEX LLC ("Kalshi"), by and through its undersigned counsel, respectfully submits this response to the State of Rhode Island's ("State") Notice of Supplemental Authority (Dkt. No. 54) regarding two recent decisions by the U.S. Court of Appeals for the Ninth Circuit. *KalshiEX LLC v. Assad*, 2026 WL 2543846 (9th Cir. Aug. 28, 2026); *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187 (9th Cir. Aug. 28, 2026).

*Assad*, the case directly concerning Kalshi, rejected Defendants' principal argument—that the CEA does not expressly preempt state law. It held the CFTC's "exclusive jurisdiction" "excludes all others" and thus "expressly preempts state law." 2026 WL 2543846, at *7. A contrary interpretation would render § 2(a)(1)(A)'s saving clause "superfluous." *Id.* Nor did Congress's "more explicit language" in § 16(e)(2) undermine the exclusive-jurisdiction provision's preemptive effect. *Id.* The panel thus declined to apply a presumption against preemption, instead "focus[ing] on the plain wording." *Id.* (citation omitted).

*Assad* further concluded that Kalshi's contracts are not "swaps." Its analysis is unpersuasive.

- *Assad* ignored that the CFTC's "exclusive jurisdiction" applies to all "agreements" traded on-DCM, not just swaps. 7 U.S.C. §2(a)(1)(A).

- *Assad* acknowledged the Special Rule places "swaps" involving "gaming" within CFTC jurisdiction. 2026 WL 2543846, at *12-14. Indeed, Judge Lee's concurrence noted the Special Rule does not "seem to categorically bar all gaming contracts." *Id*. at *19. But the panel concluded a CFTC regulation prohibits such contracts. Even if that were correct (it is not), it reinforces preemption. The regulation could only prohibit contracts involving gaming if the CFTC has jurisdiction over them. *Assad*'s reasoning will soon be obsolete because the CFTC's proposed regulation clarifies sports-event contracts are permitted.

- *Assad* acknowledged the "colorable textual basis" to conclude Kalshi's contracts are "swap[s]." *Id*. at *14 (citation modified). But it held sports-event contracts don't qualify because they involve "outcome[s]" rather than events and because swaps must involve "inherent[]" financial consequences. *Id*. at *11-12. That flouts the text. An "event" includes an "outcome," and the CEA requires events with "potential"—not "inherent"—economic consequences. Any contention sports events categorically lack potential economic consequences is self-evidently incorrect.

- *Assad* adopted extratextual limitations for fear the swap definition would otherwise lack any. *Id.* at *11. But the definition excludes events without any potential economic consequences, subject to causation principles.

- *Assad* wrongly believed Congress didn't intend the CEA to preempt gambling laws. A main purpose of the CFTC's exclusive jurisdiction was to preempt long-standing state efforts to regulate futures as gambling. *See* Kevin Van Wart, *Preemption and the Commodity Exchange Act*, 58 Chi.-Kent L. Rev. 657, 700 (1982).

DATED: September 8, 2026

Respectfully submitted,

**KalshiEX LLC**

By: */s/ Mackenzie C. McBurney*
Ryan M. Gainor (#9353)
Mackenzie C. McBurney (#10098)
**HINCKLEY, ALLEN & SNYDER LLP**
100 Westminster Street, Suite 1400
Providence, RI 02903-2319
Telephone: 401-274-2000
Facsimile: 401-277-9600
rgainor@hinckleyallen.com
mmcburney@hinckleyallen.com

Neal Katyal (*pro hac vice*)
Joshua B. Sterling (*pro hac vice*)
Colleen E. Roh Sinzdak (*pro hac vice*)
William E. Havemann (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice*)
Andrew L. Porter (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
Nicole D. Valente (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on September 8, 2026 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Mackenzie C. McBurney*
Mackenzie C. McBurney